LACOMBE, Circuit Judge.
It appears that in the suit commenced in this court by Mallory upon original bill, and in which Mackaye had filed a cross bill, the latter had taken testimony and rested, both in his defense to the original bill and in his proof of the averments of his cross bill. Thereupon the time for Mallory to take his testimony was by stipulation extended for a period as great as had been allowed Mackaye for the putting in of his testimony, namely, about a year and a half, and during the time thus allowed Mallory for completing his proof Mackaye was to be produced for cross-examination when requested by complainant. Nothing more was done in the ensuing 10 or 12 years down to Mackaye’s death, but during that whole period it rested with the ■complainant to take the next step. He might either have taken and closed his proofs, or have notified the other side that he elected to take none, and thereupon, after a sufficient lapse of time, have made motion to dismiss the cross bill for failure to prosecute; but, so long as the next step to be taken in the action was one to be taken by him, he was in no position to move a dismissal on the ground that no steps were being taken to close the case, and he is in no better position to-day than he was at Mackaye’s death, since *257 the next step to be taken in the orderly disposition of the cause is still, as it was then, the taking of complainant’s proofs in rebuttal of the defense to the original bill, and in answer to the testimony taken in support of the cross bill. The present motion in this suit must therefore be denied.
In the suit removed from the state court the situation is different. No evidence whatever has been taken by either party. There is a statement in the affidavit of Mackaye’s former counsel that he expected that the testimony in the cross-bill suit would be used in this suit, and that there was some conversation or understanding about it. But his recollection on this point seems to be rather vague, and there is no pretense that there ever was any written stipulation to that effect, or any oral arrangement spread upon the record. We have, then, a case where issue was joined in December, 1881, and no testimony taken by the complainant in support of Ids bill down to the day of his death, in February, 1894. Under these circumstances defendants were clearly entitled to dismiss the action for failure to prosecute, and there is no reason for holding that they have lost their right to make such motion because his administratrix has subsequently obtained an order of revivor. She takes up the litigation in the condition in which deceased left it, except so far as any laches of her own may have still further embarrassed it. Defendants in this suit are therefore entitled to an order dismissing the complaint for failure to prosecute.